UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-22-GCS |
| | ) |
| MORAN FOODS, LLC d/b/a SAVE-A-LOT, and | ) |
| ERIN PICHEE | ) |
| | ) |
| Defendants. | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Carolyn Jordan filed suit in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, in case number 19-L-1657 on November 19, 2019. Jordan's complaint alleges that she slipped and fell on liquid or another slippery substance that was on the floor of the checkout aisle at a Save-A-Lot store located in Alton, Illinois, in August 2018. Defendant Moran Foods, LLC, d/b/a Save-A-Lot, was served on December 5, 2019, and Defendant Erin Pichee was served on December 6, 2019. They timely removed the case to this Court on January 6, 2020, invoking the Court's diversity jurisdiction. Now before the Court is a motion to dismiss filed by Defendants (Doc. 2), in which they argue Defendant Pichee was fraudulently joined in this action to defeat federal diversity jurisdiction. Jordan responded to Defendants' motion with a motion to remand (Doc. 11) arguing that Pichee is a proper defendant and that there is not complete diversity of citizenship in this action.

Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the action is between citizens of different states. *See* 28 U.S.C. § 1332(a). The notice of removal (Doc. 1) adequately alleges that the amount in controversy in this action exceeds $75,000, and there is no debate between the parties as to this jurisdictional requirement. Instead, the dispute between the parties arises solely as to questions of citizenship.

When a case is removed on the basis of diversity jurisdiction, federal jurisdiction must exist at the time the case is removed. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006)(citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). The citizenship of Defendant Moran Foods, LLC depends upon the citizenship of each of its members, and the identity of each member must be traced until a corporation or natural person is reached. *See West v. Louisville Gas & Electric Company*, 951 F.3d 827, 829 (7th Cir. 2020)(citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990) and *Indiana Gas Co. v. Home Insurance Co.*, 141 F.3d 314, rehearing denied, 141 F.3d 320 (7th Cir. 1998)). At the time of removal, Moran Foods LLC had a single corporate member, SAL Acquisition Corp, which is a Delaware corporation with its principal place of business in Missouri. As such, Moran Foods, LLC was a citizen of Delaware and Missouri at the time this case was removed. Both Plaintiff Carolyn Jordan and Defendant Erin Pichee are citizens of Illinois, however, so there is not complete diversity of citizenship as long as Defendant Pichee remains a named party in this action.

Defendants, in a motion to dismiss Jordan's claims against Pichee (Doc. 2) and in their response to Jordan's motion to remand, argue that Pichee was fraudulently joined

in this action to defeat diversity jurisdiction. The parties seeking removal, specifically the defendants, bear the burden of establishing diversity of citizenship. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993). There is a strong presumption in favor of remand and courts must narrowly interpret the removal statute. *Id.* In fact, doubts over jurisdiction should be resolved in favor of remand. *Id.* However, under the fraudulent joinder doctrine, a "defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013)(quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). *See also Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

*Morris* provides a rubric for determining whether fraudulent joinder has occurred:

> To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. If the removing defendant can meet this heavy burden, the federal district court considering removal may disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. Because the district court may disregard the nondiverse defendant, we have described the fraudulent joinder doctrine as an exception to the requirement of complete diversity.

718 F.3d at 666 (internal quotations and citations omitted). A district court "must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant [who] faces a heavy burden . . . [that] is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764.

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting FED. R. CIV. PROC. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett v. Webster*, 658 F.3d at 751-752 (internal quotations and citation omitted). In assessing fraudulent joinder, however, the Court is not limited by the allegations in the pleadings and may engage in the limited use of affidavits and similar evidence in assessing jurisdictional facts. *See Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992). This piercing of the pleadings is a "strictly circumscribed inquiry limited to uncontroverted summary evidence . . . ." *Rutherford v. Merck & Co., Inc.*, 428 F.Supp.2d 842, 848 (S.D. Ill. 2006)(citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 94, 96-98 (1921)(holding that a non-diverse defendant was fraudulently joined where a verified petition for removal alleged that the defendant was

not present at all when the plaintiff was injured and the plaintiff did not controvert those verified allegations).

Jordan's complaint alleges that Pichee is the manager of the Save-A-Lot store where she slipped and fell. The complaint describes Pichee's job duties as including the cleaning and monitoring of the floors, and Pichee is described as being responsible for ensuring that the floors remain in a clean and safe condition. According to Jordan, Pichee knew or had reason to know about the substance on the floor that caused her to slip, and she had a duty to keep walkways safe for customers. She describes Pichee's failures to direct employees under her supervision to maintain and inspect the floors, to monitor and mop the floors and walkways herself, and to warn customers of dangerous conditions. Pichee argues that Jordan's allegations are too general and are related to her role as a store manager, rather than describing any personal involvement in the specific incident giving rise to Jordan's fall. She also provides an affidavit stating that she was not present in the store and was not at work when Jordan fell.

Under Illinois law, a store manager, as an agent, cannot be held liable for a customer's injuries unless the agent is an active tortfeasor. *See Northrop v. Lopatka*, 610 N.E.2d 806, 810 (Ill. Ct. App. 1993)(noting that the common law does not impose strict liability on an employee who is merely the supervisor, but not the employer, of the employee who commits a tort, such that an agent cannot be held responsible for the negligence of another agent absent fraud or gross negligence in the selection of the other agent). That is to say, Pichee can only be held liable for her individual actions, absent allegations of fraud or gross negligence in the selection of an employee who ultimately

commits a tort. Jordan makes no such allegations, instead premising her claims on Pichee's alleged individual and supervisory involvement.

Pichee's affidavit is also uncontroverted and states that she was not working or scheduled to work at the time Jordan fell. There being no evidence or non-conclusory allegations to contradict Pichee's affidavit, the Court concludes that there is no reasonable possibility that Jordan could succeed on her claims against Pichee. She was not personally involved in failing to clean any spill that led to Jordan's fall, and there are no allegations of gross negligence or fraud. Additionally, she was not in a supervisory role at the time Jordan was injured. As such, the Court finds that Pichee is fraudulently joined and must be dismissed from this action. Further, the Court finds that it enjoys subject matter jurisdiction over this case pursuant to the federal diversity statute.

### DEFENDANT MORAN FOODS, LLC'S JURISDICTIONAL SUPPLEMENT

On April 16, 2020, the Court ordered Defendant Moran Foods, LLC to supplement its jurisdictional allegations to include citizenship information of its single member, SAL Acquisition Corp. The Court is satisfied based on Defendant's supplemental filing (Doc. 23) that diversity of citizenship existed at the time of removal such that remand is not warranted at this time. The Court, however, must be assured of federal jurisdiction moving forward, as well.

Defendant's supplement indicates that the single member of Moran Foods, LLC changed to SAL Midco, LLC on April 1, 2020. As discussed above, the identity of each member of an LLC must be traced until a corporation or natural person is reached, and Defendant did not trace each member of SAL Midco as is required. Accordingly, the

Court directs Defendant Moran Foods, LLC to file an additional jurisdictional supplement on or before May 8, 2020. The supplement must provide the identity and citizenship of each member of SAL Midco until a corporation or natural person is reached. The information may be provided by counsel and need not be accompanied by a verifying affidavit.

## Conclusion

For the above-stated reasons, Plaintiff Carolyn Jordan's motion to remand (Doc. 11) is **DENIED**, and Defendant Erin Pichee's motion to dismiss Count III is **GRANTED**. Count III and Defendant Erin Pichee are **DISMISSED with prejudice** from this action. Defendant Moran Foods, LLC shall submit a jurisdictional supplement no later than May 8, 2020.

**IT IS SO ORDERED.**

Dated: April 29, 2020.

Digitally signed by Judge Sison
Date: 2020.04.29 08:51:56 -05'00'

GILBERT C. SISON
United States Magistrate Judge